UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KAYLIN JOHNSON**, <br><br> Plaintiff, <br><br> vs. <br><br> **JUDITH GRACEY**, <br><br> Defendant. | **2:23-CV-10600-TGB** <br><br> **ORDER DISMISSING COMPLAINT** <br><br> **(ECF NO. 1)** |

Plaintiff Kaylin Johnson, an inmate currently confined at the Clare County Jail, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff claims that Defendant Judith Gracey, his court-appointed criminal defense attorney, has refused to file certain pretrial motions and is otherwise providing inadequate representation. Plaintiff seeks monetary damages.

For the following reasons, Plaintiff's complaint is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I. Application to proceed in forma pauperis

Plaintiff has filed an application to proceed in forma pauperis, or without the prepayment of fees pursuant to 28 U.S.C. § 1915(a)(1). If an application to proceed in forma pauperis is filed along with a facially sufficient affidavit, the court should permit the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990). On

1

March 23, 2023, this Court granted Plaintiff's application to proceed in forma pauperis. ECF No. 4.

## II. Dismissal under 28 U.S.C. § 1915(e)(2)(B)

Because the Court has granted Plaintiff leave to proceed in forma pauperis, it must screen his pro se complaint. Pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to dismiss an in forma pauperis complaint on its own accord before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

To state a federal civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–56 (1978);

2

*Harris v. City of Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Plaintiff names his appointed criminal defense attorney as the sole Defendant in this action. It is well-settled, however, that appointed and retained attorneys performing traditional functions as defense counsel do not act "under color of state law" and are not state actors subject to suit under § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 318, 325 (1981); *Elrod v. Mich. Sup. Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004); *see also Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes."). Because Defendant is not a state actor subject to suit under § 1983, Plaintiff's complaint against her must be dismissed.

For the reasons stated, the Court concludes that Plaintiff's civil rights complaint must be summarily dismissed as frivolous and for failure to state a claim upon which relief may be granted. Accordingly, Plaintiff's complaint is **DISMISSED with prejudice**. The Court notes that the underlying criminal case referenced by Plaintiff is *United States v. Johnson*, No. 22-20280, currently assigned to the Honorable F. Kay Behm. As Plaintiff's now-dismissed complaint relates to his assigned counsel in the criminal matter, a copy of the complaint will be forwarded to Judge Behm and Attorney Gracey for informational purposes only.

The Court also concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Plaintiff's case is now closed. No further pleadings should be filed in this matter.

**IT IS SO ORDERED.**

Dated: March 28, 2023     s/Terrence G. Berg
                          TERRENCE G. BERG
                          UNITED STATES DISTRICT JUDGE